MEMORANDUM **
Alfonso Cota-Mora (“Cota”) appeals the district court’s denial of his motion to suppress evidence of marijuana discovered during a stop and search of his vehicle by U.S. Border Patrol Agents Michael Harrington (“Harrington”) and Jorge Vega-Torres (“Vega-Torres”). The stop occurred on June 14, 2007 in the Imperial Sand Dunes Recreation Area, which lies along the United States-Mexico border in Imperial County, California. Cota argues that the use of a controlled tire deflation device (“CTDD”) to stop his vehicle rendered the stop a de facto arrest for which probable cause was lacking, and also amounted to excessive force.
The disposition of this appeal is controlled by our concurrent decision in United States v. Guzman-Padilla. As in Guzman-Padilla, the facts here supported the agents’ reasonable certainty that Cota’s vehicle recently had crossed the border and their reasonable suspicion that criminal activity was a foot. The agents therefore were entitled to conduct an extended border search,[1] and the use of the CTDD to effect the stop did not convert it into an arrest or amount to “excessive force.” Because the stop was a lawful seizure incident to a border search, we affirm.
Cota’s Jeep Cherokee emerged from the northern outlet of a valley in the Imperial Sand Dunes called the Buttercup. As described in Guzman-Padilla, the Buttercup Valley is lined from its origin in Mexico to its terminus in the United States by high sand dunes that are impassable to all but specially modified vehicles. Guzman’s vehicle visibly lacked any such modifications. The area had been under continuous surveillance since early in the day, and, likely because the temperature in the dunes exceeded 110° F, no recreational traffic had been observed. Under these circumstances, the agents could have been at least reasonably certain that the vehicle recently had crossed the border when it emerged from the Buttercup Valley.
Facts supporting a reasonable suspicion of criminal activity also abound. In addition to the foregoing facts, two all-terrain vehicles (“ATVs”) preceded the appearance of Cota’s vehicle by several minutes. Harrington suspected that the ATVs might be “scouts” for a narcotics load; when Cota’s vehicle emerged from the motionless dunes only moments later, Harrington’s suspicion that the vehicle was carrying narcotics became eminently reasonable. This suspicion was strengthened further when, using his binoculars, Harrington observed that (1) the vehicle did not have a front passenger seat, (2) there appeared to be something “full or flat” between the driver and the opposite door, (3) the vehicle was not bearing the flag required for recreational use of the dunes, and (4) the vehicle was proceeding directly for the freeway entrance in a manner suggesting the absence of any recreational purpose.
The agents thus were entitled to conduct an extended border search. See Guzman-Padilla. The use of the tire deflation device did not render the attendant *716 stop an “arrest” because the circumstances would not likely have caused a reasonable innocent person to believe that an indefinite custodial detention was inevitable, and because the application of force to the vehicle was justified. See id. Nor did the use of the device amount to excessive force: under the circumstances, any intrusion upon Cota’s rights was outweighed by the government’s interests in protecting its territorial integrity and interdicting the flow of illegal drugs without endangering the motoring public, and there was ample evidence in the district court that the deployment of the device was safe for all involved. See id. In the latter respect, while Cota claims that his vehicle began to swerve after his tires deflated, the record is devoid of any suggestion that this was the case, and is fully consistent with the government’s claim that the stop occurred without the slightest incident.[2]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. As in Guzman-Padilla, we need not and do not decide conclusively whether the search and seizure should be deemed to have occurred at the functional equivalent or the extension of the border.

. In light of our conclusion, we need not consider whether exclusion of the evidence would have been an appropriate remedy for the claimed constitutional violation.